IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ELIZAMA C. LANDEROS, §<br>INDIVIDUALLY, AND AS §<br>REPRESENTATIVE OF THE §<br>ESTATE OF RUBEN DELGADO §<br>LANDEROS, DECEASED §<br>    Plaintiff, §<br>§<br>v. §<br>§<br>§<br>TRANSAMERICA LIFE INSURANCE §<br>COMPANY et al §<br>    Defendants. § | CIVIL ACTION NO. _____<br><br>(*Removed from 92nd District Court,<br>Hidalgo County, State of Texas,<br>Cause No. C-4996-17-A*) |

### DEFFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Defendant Transamerica Life Insurance Company ("Transamerica"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the 92nd District Court, Hidalgo County, State of Texas, to the United States District Court for the Southern District of Texas, McAllen Division. The grounds for removal are as follows:

1. Plaintiff commenced this action entitled *Elizama C. Landeros, Individually and as Representative of the Estate of Ruben Delgado Landeros, Deceased v. Transamerica Life Insurance Company et al,* Cause No. C-4996-17-A, by filing Plaintiff's Original Petition with the District Court of the 92nd Judicial District, Hidalgo County, State of Texas (the "Petition"), on November 7, 2017. *See* **Ex. 1**.

2. The Petition purports to state claims against Transamerica for (i) breach of its duty of good faith and fair dealing, (ii) violations of Chapter 541 of the Texas Insurance Code and violation of subsection B of section 542 of the Texas Insurance Code also known as the Prompt Payment of Claims Act, and (iii) violations of the Texas Deceptive Trade Practices

Act. *See id.* The Petition also purports to state claims against Estevan Lopez ("Lopez") for negligence and Sugeyra Carrillo ("Carrillo") for negligence. *See id.* Additionally, the Petition purports to state claims against American Para Professional Systems, Inc. ("Para Professional"), Portamedic, Inc. ("Portamedic"), and Maria Elena Bartimus ("Bartimus"), individually, and doing business as Para Professional and/or Portamedic under the theory of Respondeat Superior for Carrillo's negligence.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 81, Transamerica has attached to this Notice of Removal an index of all matters being filed with this Notice of Removal, which includes the following documents:

**Exhibit 1:** Plaintiff's Original Petition

**Exhibit 2:** Defendant Transamerica Life Insurance Company's Original Answer

**Exhibit 3:** Defendants Para Professional, Portamedic, Bartimus, and Carrillo's Original Answer

**Exhibit 4:** Defendants Para Professional, Portamedic, Bartimus, and Carrillo's Jury Demand

**Exhibit 5:** Defendants Para Professional, Portamedic, Bartimus, and Carrillo's Motion for Special Exceptions.

**Exhibit 6:** Notice of Hearing on Defendants' Special Exceptions

**Exhibit 7:** Defendant Estevan Lopez's Original Answer

**Exhibit 8:** Ruben Delgado Landeros' Application for Individual Life Insurance

**Exhibit 9:** Consent to Removal by Defendants Para Professional, Portamedic, Bartimus, and Carrillo.

**Exhibit 10:** A list of all parties and counsel of record

**Exhibit 11:** Docket Sheet.

4. As of the date of removal, Plaintiff has not filed any returns of service showing process. Moreover, aside from Defendants' Para Professional, Portamedic, Bartimus, and

Carrillo's Motion for Special Exceptions, there are no motions pending before the state court in this matter, the only hearing set is for Defendants' Para Professional, Portamedic, Bartimus, and Carrillo's Motion for Special Exceptions on February 6, 2018, which will be mooted by the filing of this Notice of Removal.

5. Accordingly, and as set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Transamerica has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### I.  Transamerica Has Satisfied The Procedural Requirements For Removal.

6. Plaintiff served the Petition on Transamerica on November 28, 2017.  *See* **Ex. 1**. Because this Notice of Removal is being filed within thirty days of service of the Petition on Transamerica, it is timely under 28 U.S.C. § 1446(b)(2)(B).

7. Under 28 U.S.C. § 1446(a), the United States District Court for the Southern District of Texas, McAllen Division, is the appropriate court for filing this Notice of Removal from a court in Hidalgo County, Texas, where the Action is pending.  *See* 28 U.S.C. § 124(b)(7).

8. Moreover, and to the extent required by law at all, all defendants who have been properly joined and served in the suit consent to removal and/or their consent will be obtained. *See* **Ex. 9.**

9. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

### II.  Removal is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

10. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where

the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) is between citizens of different states. Thus, the Action may be removed to this Court by Transamerica pursuant to 28 U.S.C. § 1441(a).

### A. The amount in controversy requirement is satisfied.

11. Plaintiffs' Petition specifically alleges that she seeks monetary relief in excess of $1,000,000.00. Thus, the amount in controversy exceeds the sum or value of $75,000.

### B. Complete diversity of citizenship exists between Plaintiff and Defendants.

12. Plaintiff is a citizen of Hidalgo County, Texas. For purposes of determining diversity jurisdiction, Plaintiff is therefore a citizen of Texas.

13. Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. Thus, Transamerica is a citizen of Iowa for purposes of determining diversity jurisdiction.

14. Lopez is a citizen of Hidalgo County, Texas. However, as set forth below, the Lopez's citizenship must be ignored for purposes of determining diversity jurisdiction because he has been improperly joined in this matter.

15. Carrillo is a citizen of Hidalgo County, Texas. However, as set forth below, Carrillo's citizenship must be ignored for purposes of determining diversity jurisdiction because she has been improperly joined in this matter.

16. American Para Professional Systems, Inc. is a New York corporation with its principal place of business in Jericho, New York. Plaintiff alleges that American Para Professional Systems, Inc. is the common name of an individual doing business as defined in Texas Rules of Civil Procedure 28. Regardless, as set forth below, American Para Professional Systems, Inc.'s citizenship must be ignored for purposes of determining diversity jurisdiction because it has been improperly joined in this matter.

17. Portamedic, Inc. is a New York corporation with its principal place of business in Jericho, New York. Plaintiff alleges that Portamedic, Inc. is the common name of an individual doing business as defined in Texas Rules of Civil Procedure 28. Regardless, as set forth below, Portamedic, Inc.'s citizenship must be ignored for purposes of determining diversity jurisdiction because it has been improperly joined in this matter.

18. Bartimus is a citizen of Hidalgo County, Texas and is an individual doing business as Portamedic, Inc. and/or American Para Professional Systems, Inc. However, as set forth below, Bartimus' citizenship must be ignored for purposes of determining diversity jurisdiction because she has been improperly joined in this matter.

19. Because none of the properly joined parties to this action are citizens of the same state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, removal of this action to the United States District Court is proper pursuant to 28 U.S.C. § 1441(a) and (b).

### III. Improper Joinder

20. 28 U.S.C. § 1446(a) requires a notice of removal contain only a "short and plain statement of the grounds for removal…" However, Transamerica carries the burden to establish improper joinder and, without waiving its right to supplement this notice, Transamerica provides the following analysis and briefing to show that Plaintiffs improperly joined Lopez, Carrillo, Bartimus, Para Professional and Portamedic (collectively, the "Non-diverse Defendants") for the purpose of defeating diversity. For this reason, the citizenship of the Non-diverse Defendants should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332.

#### A. Improper Joinder Standards and Procedure for Analysis

21. A defendant may not remove a state court civil suit to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of improper joinder, however, allows for removal to federal court despite the fact that non-diverse defendants are named as parties. This is because citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003). Thus, the improper joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).

22. Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007), citing *Smallwood,* 385 F.3d at 573. The latter situation is asserted here.

23. Defendants claiming improper joinder based on the second type of improper joinder must show there is no possibility of recovery by the plaintiff against the in-state defendant. *Cuevas v. BAC Home Loans Servicing,* 648 F.3d 242, 249 (5th Cir. 2011). This has been interpreted by the Fifth Circuit to mean the defendant must simply show there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. *Id.* A "reasonable basis" means more than a mere hypothetical basis. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).

24. To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6) type analysis. *Smallwood,* 385 F.3d at 573. This requires the Court to first look at the pleadings to determine whether the allegations state a

claim under state law against the non-diverse defendants. *Id.* If a claim is stated, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may then pierce the pleadings and consider summary judgment type evidence. *Id.; Anderson v. GA Gulf Lake Charles,* 342 Fed. Appx. 911, 915-915 (5th Cir. 2009).

### B. Application of Standards to the Present Facts

25.  Plaintiff alleges in her Petition that Ruben Delgado Landeros ("Landeros") applied for and purchased a term life insurance policy from Transamerica through Lopez, an insurance agent . **Ex. 1**, ¶ 5.1. About a year and a half after the policy was executed, Landeros passed away. **Ex. 1**, ¶ 5.4; **Ex. 1,** at Exhibit A. Plaintiff, as the beneficiary of the policy, submitted a claim to Transamerica. *Id.* Ultimately, Plaintiff's claim was denied and the policy was rescinded after an investigation revealed the existence of material omissions on the insurance application completed by Landeros. *Id.* It appears that the gravamen of Plaintiff's compliant is that the life insurance benefits should have been paid by Transamerica despite the material omissions. None of this has to do with the Non-diverse Defendants, who Plaintiff alleges either sold the policy to Landeros or performed a basic medical exam on Landeros for the purpose of completing the application.

26.  The joinder of the Non-Diverse Defendants is improper because this lawsuit really has nothing to do with them and Plaintiff cannot establish a state law claim against them. Transamerica recognizes that it bears a heavy burden to show improper joinder but a careful review of the Petition and relevant Texas law pertaining to an insurance agent's duties and the statute of limitations shows that Transamerica has met this burden.

### 1. *The Face of Plaintiffs' Original Petition Fails to State a Claim Under Rule 12(b)(6)*

27. At the outset, even before looking at applicable Texas law, Plaintiff's Petition fails the basic 12(b)(6) test. In conducting the initial 12(b)(6) analysis required by *Smallwood*, it is important to note that whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the asserted theory of recovery. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). Thus, in addition to identifying a cause of action recognized by state law, the petition must allege facts that support that cause of action. *See, e.g., Okenkpu v. Alltate Texas Lloyd's,* No. H-11-2376, 2012 U.S. Dist. LEXIS 41705, at *18-19 (S.D. Tex. Mar. 27, 2012) citing *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *7 (E.D. Tex. Sept. 29, 2008); *Lakewood Chiro. Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-CV-165-A, 2009 U.S. Dist. LEXIS 43420, at *8 (N.D. Tex. May 22, 2009) (allegations that are really legal conclusions with no factual support fail to state a claim under both the federal and state rules).

28. Pursuant to FRCP 12(b)(6), dismissal is required if a plaintiff's grounds for entitlement to relief, when assumed to be true, fail to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *City of Clinton v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152-53 (5th Cir. 2010). A pleading with "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do, and a court will not accept mere legal allegations as true. *Id*. (citing *Twombly*, 550 U.S. at 555).

29. There is no doubt that Plaintiff's Petition does not pass muster under *Twombly*

and Rule 12(b)(6). In Plaintiff's Petition, she complains that Lopez as the insurance agent was negligent in assisting Landeros with the completion of the application for life insurance by failing to advise Landeros of the potential negative consequences of providing less than complete answers. **Ex. 1**, ¶ 5.5. Despite such allegations, Plaintiff has not provided specific facts demonstrating a failure to advise and how such an alleged failure is a breach of duty constituting negligence. In regards to Plaintiff's allegations against the other Non-diverse Defendants, Plaintiff alleges that:

> Defendants American Para Professional Systems, Inc., Portamedic Inc., Maria Elena Bartimus Individually and doing business as American Para Professional Systems, Inc. and/or Portmaedic Inc., and Sugeyra Carrillo… were employed by, or in the alternative, were the agents of Defendant Lopez or, in the alternative, Defendant Transamerica in the performance of a medical exam on…Landeros, to take medical information from him and, as part of the insurance application process, to record accurately the answers to medical history questions asked of the insured and to forward accurate information to Transamerica…

**Ex. 1**, ¶ 6.1. Plaintiff confidently asserts that she will show "that said Defendants singularly or in combination, failed to properly discharge their duties." *Id.* Yet, the Petition fails to identify any duties owed to either Landeros or Plaintiff, what the breach was, if any, and also fails to establish facts demonstrating how any alleged breach of the duties, assuming *arguendo* that they existed, caused harm. These are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that has been rejected by *Twombly*. Given that the Petition fails to state a claim under a Rule 12(b)(6) analysis, the Non-diverse Defendants should be dismissed from this matter. The result is the same even if the Court applies the more liberal notice-pleading standard allowed under the Texas Rules of Civil Procedure. *See Weldon Contractors,* No. 4:09-CV-165-A, 2009 U.S. Dist. LEXIS 43420, at *8 (N.D. Tex. May 22, 2009) (applying the state standard and concluding that mere recitation of elements of a cause of action are simply legal conclusions, which fail to state a claim under both the federal and state pleading rules).

30. Notably, while Plaintiff claims that Lopez should have made Landeros aware of the potential consequences of providing less than complete answers on the application, Plaintiff merely recites the elements for a cause of action for negligence and fails to articulate facts providing fair notice of what duty, if any, existed, how an alleged duty was breached, and how such an alleged breach caused harm. Plaintiff does not plead facts to indicate that Landeros did not understand the application or the questions that were being asked of him.

31. In regards to Carrillo, the medical examiner, Plaintiff fails to provide any explanation of what duties Carrillo owed to Landeros, if any, and how she allegedly failed to discharge such duties such that "Para Professional, Portamedic, and/or Bartimus Individually and doing business as Para Professional and/or Portamedic are legally liable to Plaintiff because of the negligent acts of Cariillo under Respondeat Superior." **Ex. 1**, ¶ 6.2. In fact, literally no other facts are pled as to Defendants Para Professional, Portamedic, and Bartimus. They are only mentioned one other time in the Petition where Plaintiff alleges that "Landeros was a third-party beneficiary of a contract for insurance/paramedical services contracted to be provided by [Para Professional, Portamedic, Bartimus Individually and doing business as Para Professional and/or Portamedic and Carrillo.]" **Ex. 1**, ¶ 6.1. The failure to articulate any facts demonstrating support for Plaintiffs' negligence claim against the Non-diverse Defendants is further indication they have been improperly joined to defeat diversity jurisdiction. Because Plaintiffs' Petition fails a basic 12(b)(6) analysis, *Smallwood* dictates that the Non-diverse Defendants be dismissed and the Court maintain diversity jurisdiction over this matter.

    B.    ***Texas Law Demonstrates Plaintiffs' Original Petition Fails to State a Claim Under Rule 12(b)(6)***

32. There are two additional reasons why there is no reasonable basis to predict that Texas law would allow recovery against the Non-diverse Defendants such that their citizenship

should be ignored for purposes of determining diversity jurisdiction. First, Plaintiff asserted claims against Lopez only insofar as he acted as an insurance agent. As explained below, Texas law is clear that insurance agents do not owe a duty to explain coverage, to provide additional coverage or to explain what other types of coverage are available. Given the fact that Plaintiffs' only claim against the Lopez is that he should have explained to Landeros the consequences of providing less than complete answers to the questions on the insurance application, Texas law establishes that Lopez owed no duty to do so. Similarly, Plaintiff's negligence claim against Carrillo, Para Professional, Portamedic, and Bartimus fails for lack of duty. Furthermore, Para Professional and Portamedic are foreign entities with their principal place of business in Jericho, New York. Second, Plaintiffs' claims against the Non-diverse Defendants are barred by the statute of limitations. Thus, there is no reasonable basis to predict the non-diverse defendants would be liable to Plaintiffs.

     **i. Lopez Owed No Duty—Absent a special relationship, Landeros Has a Duty to Read His Own Policy**

33. Plaintiff has implicated Lopez only as an agent. This is problematic for Plaintiff because insurance agents do not owe the duties claimed by Plaintiff.

34. The Texas Supreme Court has only expressly recognized two duties owed by insurance agents to the insured: 1) the duty to use reasonable diligence in attempting to place insurance requested by the insured; and 2) the duty to inform the insured promptly if the agent is unable to do so. *May v. United Serv. Ass'n of America,* 844 S.W.2d 666, 669 (Tex. 1992). Plaintiff does not claim either of these duties were breached by the Lopez.

35. What Plaintiff does claim is that the Lopez should have explained the negative consequences of providing less than complete answers on the application for insurance. **Ex. 1**, ¶ 5.5. Aside from the fact that it is absurd Landeros had to be told not to lie on his insurance

NOTICE OF REMOVAL PAGE 11

application, Lopez owed no duty to remind Landeros of this common sense fact.

36. In regards to Carrillo, the medical examiner, Plaintiff alleges that Carrillo failed to properly discharge her duties of taking and accurately recording medical information from Landeros and forwarding such information to Transamerica. **Ex. 1**, ¶ 6.1. Implicit in these allegations is that Lopez and Carrillo knew or should have known that Landeros was withholding information or answering less than truthfully on the application for insurance. Texas law has not imposed such alleged duties on medical examiners hired by insurance companies to take medical information from applicants. Because Carrillo owed no duty to Landeros, her alleged employer Para Professional and/or Portamedic and/or Bartimus, individually, and doing business as Para Professional and/or Portamedic cannot be held liable under Respondeat Superior for Carrillo's alleged negligence as the claim fails. Furthermore, Para Professional and Portamedic are foreign entities with their principal place of business in Jericho, New York.

37. Furthermore, Texas courts hold that an insured has a duty to read his own policy. *See, e.g., American Guar. & Liab. Ins. Co. v. Shel-Ray Underwriters,* 844 F.Supp. 325, 332 (S.D. Tex. 1993); *Heritage Manor of Blaylock Properties, Inc. v. Petersson,* 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). Thus, in addressing an insurance agent's duties, Texas courts have held that an insurance agent does not have a duty to explain coverage to a client, to extend coverage or to warn or advise a client of the client's insurance needs. *See, e.g. Sledge v. Mullin,* 972 S.W.2d 89, 94 (Tex. App.—Fort Worth 1996, no pet.); *Townsend v. State Farm Lloyds,* No. 01-97-01390-CV, 1998 Tex. App. LEXIS 6494, at *15 (Tex. App.—Houston [1st Dist.] Oct. 15, 1998, no pet) (holding that agent had no duty to explain terms and exclusions of coverage or to provide complete coverage); *Stroman Realty, Inc. v. State Farm*

*Lloyds,* No. 09-02-508-CV, 2003 Tex. App. LEXIS 9613, at *6 (Tex. App.—Beaumont Nov. 2, 2003, pet. denied). In other words, absent a special relationship, an agent does not have to tell a client what kind of or how much insurance the client should purchase or explain that a policy does not provide certain types of coverage. *See Critchfield v. Smith,* 151 S.W.3d 225, 230-31 (Tex. App.—Tyler 2004, pet. denied).

38. Here, if Landeros had read his application which he signed and which became part of his policy, he would have noticed in bold font that by signing the application, he was representing that "[he] unders[tood] that omissions or misstatements in th[e] application could cause an otherwise valid claim to be denied under any contract issued from th[e] application.." **Ex. 8.** Thus, Plaintiff's claims against the Non-diverse Defendants necessarily fails.

39. Texas law makes clear that there is no reasonable basis to predict that Plaintiff may recover on her negligence claim against Lopez and Carrillo because they did not owe the duty alleged. Consequently, Plaintiff will not be successful in holding Para Professional, Portamedic, and Bartimus, individually, and doing business as Para Professional and Protamedic liable for Carrillo's negligence. Furthermore, Para Professional and Portamedic are foreign entities with their principal place of business in Jericho, New York. Thus, Plaintiff has improperly joined the Non-diverse Defendants to defeat diversity jurisdiction and they should be dismissed from this matter. As one court bluntly put it, "given the relative financial positions of most insurance companies versus their…agents, the only time an…agent is going to be sued is when it serves a tactical legal purpose, like defeating diversity." *Sohmer v. American Med. Sec., Inc.,* No. 3:02-CV-1680-M, 2002 U.S. Dist. LEXIS 19573, at *7 (N.D. Tex. Oct. 15, 2002) (citing cases).

     **ii.  Plaintiffs' Claims are Barred by the Statute of Limitations**

40. The only cause of action asserted by Plaintiff against Lopez and Carrillo is one for negligence. *See* **Ex. 1**, ¶¶ 5.5 and 6.1. Plaintiff alleges liability against Para Professional, Portamedic, and Bartimus, individually, and doing business as Para Professional and/or Portamedic under the theory of Respondeat Superior for Carrillo's alleged negligence. **Ex. 1**, ¶ 6.2. Texas law prescribes a two-year statute of limitations for negligence claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999) (negligence claims governed by two-year statute of limitations). Because Plaintiffs waited until more than two years after their negligence claim accrued, if any, to file this lawsuit, Plaintiff is barred by the statute of limitations.

41. In conducting this analysis, it is first important to note that a statute of limitations defense is properly raised as a Rule 12(b)(6) issue where the plaintiff's pleadings demonstrate that the action is time-barred and fail to raise some basis for tolling. *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003); *Naranjo v. Universal Sur. of Am.*, 679 F.Supp.2d 787, 798 (S.D. Tex. 2010); *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp.2d 681, 686 (E.D. Tex. 2009); *see also Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

42. In Texas, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). A legal injury is any invasion of the plaintiff's legally protected interests, no matter how slight. *Seureau v. ExxonMobil Corp.,* 274 S.W.3d 206, 226 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In other words, when the defendant's conduct produces a legal injury, however slight,

the cause of action accrues and the statute of limitations begins to run. *Id.* citing *Childs v. Haussecker,* 974 S.W.2d 31, 41 n.7 (Tex. 1998).

43. Here, Plaintiff completed Part 1 of the insurance application with Lopez on December 19, 2014 and completed Part 2 of the insurance application with Carrillo on December 20, 2014. **Ex. 8.** Again, the only claim asserted against the Non-diverse Defendants is one for negligence in allegedly failing to explain the negative consequences of providing less than complete answers to the application. *See* **Ex. 1**, ¶¶ 5.5 and 6.1. Since the entire application was completed on December 20, 2014, it was at that time that any alleged wrongful act by the Non-diverse Defendants which led to the material omissions occurred. Thus, the alleged legal injury caused to Plaintiff accrued on that date, even if it was not discovered until after the claim was denied and the policy was rescinded based on the material omissions. *Provident Life*, 128 S.W.3d at 221. Thus, Plaintiff's claims are barred by the statute of limitations and there is no reasonable basis to predict that Plaintiffs could recover against the Non-diverse Defendants.

## V. CONCLUSION

This Court has jurisdiction over this action under 28 U.S.C. § 1332 in that there is diversity of citizenship between all real parties in interest (Plaintiff and Transamerica) and, the value of the matter in controversy exceeds $75,000, exclusive of interest and costs. This action was timely and properly removed to federal court and the Non-diverse Defendants should be dismissed from this matter because they were improperly joined in an effort to defeat diversity jurisdiction. For these reasons, removal of this action is proper.

Respectfully submitted,

By:   */s/ Jason R. Bernhardt*
        Jason R. Bernhardt, Attorney-in-Charge

>S.D. Tex. Bar No. 566787
>State Bar No. 24045488
>jbernhardt@winstead.com
>WINSTEAD PC
>600 Travis, Suite 5200
>Houston, Texas 77002
>(713) 650-8400 – Telephone
>(713) 650-2400 – Facsimile
>**ATTORNEY FOR DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 28, 2017, a true and correct copy of foregoing with all attachments were electronically transmitted using the ECF System for filing and forwarded to all counsel of record identified below by certified mail, return receipt requested:

>Robert A. Allen
>John B. Grissom
>ALLEN, STEIN & DURBIN, P.C.
>6243 IH-10 West, 7th Floor
>P.O. Box 101507
>San Antonio, Texas 78201
>Telephone: 210.734.7488
>Facsimile: 210.738.8036

>Van A. Hutchins
>LAW OFFICE OF VAN A. HUTCHINS
>614 North Jackson Road
>Edinburg, Texas 78541
>Telephone: 956.316.2444
>Facsimile: 956.316.2439

>**ATTORNEYS FOR ELIZAMA C. LANDEROS INDIVIDUALLY AND IN HER REPRESENTATIVE CAPACITIES**

>Jose L. Gamez
>DONNELL, ABERNETHY & KIESCHNICK
>Wells Fargo Bank Building
>2830 West Trenton
>Edinburg, Texas 78539
>Telephone: (956) 618-4477
>Telecopier: (956) 618-4557

>**ATTORNEY-IN-CHARGE FOR DEFENDANTS AMERICAN PARA PROFESSIONAL SYSTEMS, INC., PORTAMEDIC, INC., MARIA ELENA BARTIMUS INDIVIDUALLY AND D/B/A AS AMERICAN PARA PROFESSIONAL SYSTEMS, INC. AND/OR PORTAMEDIC, INC., AND SUGEYRA CARRILLO**

*/s/ Jason R. Bernhardt*
Jason R. Bernhardt