Case 7:17-cv-00475   Document 79   Filed on 05/11/20 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
May 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ELIZAMA C. LANDEROS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-00475 |
| § | |
| TRANSAMERICA LIFE INSURANCE § | |
| COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

# **FINAL JUDGMENT**

In accordance with the Court's Order Granting Defendant's Motion for Final Summary Judgment and Denying as Moot Defendant's Motion for Protective Order and Motion to Strike and Exclude Expert Evidence (Dkt.No.78), the Court hereby **ORDERS** that judgment is entered in favor of Defendant Transamerica Life Insurance Company ("Defendant"), and all claims asserted by Plaintiff Elizama Landeros, individually and as representative of the estate of Ruben Delgado Landeros, in this action are **DISMISSED** with prejudice.

Costs of court are awarded to Defendant. *See* FED. R. CIV. P. 54(d)(1).

All relief not expressly granted herein is hereby **DENIED**.[1]

---

[1] The Court notes that this results in the denial of then-defendant Lopez's Motion for Sanctions. Dkt. No. 38. The Court finds this Motion should be denied. Then-defendant Lopez failed to demonstrate that the allegations in Plaintiff's Original Petition regarding Lopez were alleged in bad faith or brought for the purpose of harassment, in violation of Texas Rule of Civil Procedure 13. *See Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (stating that state sanction rules apply to pleadings filed in state court prior to removal); TEX. R. CIV. P. 13 (noting that signatures of attorneys on papers filed represent that "to the best of [the attorneys'] knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment"); Dkt. No. 1, Ex. 1 (Plaintiff's Original Petition); Dkt. No. 41, Ex. 4 at 1 (email from Lopez's counsel in which he states that he "understand[s] [Plaintiff's] original reason to name Mr. Lopez as a party in this litigation").

Further, Lopez has failed to establish that Plaintiff's filings and/or actions in federal court merit sections under Federal Rule of Civil Procedure 11. *See* FED. R. CIV. P. 11(c). While Plaintiff's arguments in support of her claims against Lopez were ultimately unsuccessful, the Court does not find that they were presented for an improper purpose or were otherwise frivolous. *See* FED. R. CIV. P. 11(b); Dkt. No. 71.

For example, in support of her Motion to Remand (Dkt. No. 3), Plaintiff alleged new allegations against then-

This is a final judgment.

SO ORDERED this 11th day of May, 2020, at McAllen, Texas.

_____
Randy Crane
United States District Judge

---

defendant Lopez. Dkt. No. 32 at ¶¶ 5–6, 8–9 (alleging, for example, that Lopez violated Texas Insurance Code § 705.103). Plaintiff contended that she was merely stating with more specificity allegations that were present in her Original Petition. Dkt. No. 59 at ¶¶ 3–4. While the Court ultimately found this argument to be incorrect, Plaintiff's alleged theory of liability illustrates the non-frivolous nature of her claims against Lopez. *See* Dkt. No. 71 at 9–10 (Order Denying Plaintiff's Motion to Remand, finding Plaintiff's Original Petition failed to give Defendant fair notice of the allegations raised for the first time in Plaintiff's Supplemental Motion to Remand (Dkt. No. 32)). Therefore, the Court finds Plaintiff's actions fall short of the improper conduct required to justify the sanctions sought by then-defendant Lopez under Rule 11. *See* FED. R. CIV. P. 11(b)–(c). The Court also declines to award Plaintiff attorney's fees associated with the Motion (Dkt. No. 38). Accordingly, then-defendant Lopez's Motion for Sanctions (Dkt. No. 38) is hereby **DENIED**.

    As the Court did not consider the affidavit of Robert Allen (Dkt. No. 41, Ex. 6) in reaching this conclusion, the Court does not address then-defendant Lopez's objections to the affidavit. *See* Dkt. No. 45 at ¶¶ 14–22.